UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES

    v.                                    CR. No. 11-06-ML

WAYNE SIMON

**MEMORANDUM AND ORDER**

Petitioner Wayne Simon ("Simon"), proceeding *pro se*, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, alleging that his Sixth Amendment Rights were violated when his sentence was enhanced by six levels pursuant to U.S.S.G. § 3A1.2(c)(1) for assaulting a police officer "in a manner creating a substantial risk of serious bodily injury." For the reasons stated below, Simon's motion is denied.

**I.   Background and Travel**

On January 19, 2011, Simon was indicted by a grand jury for (Count I) being a felon in possession of a firearm in violation of 18 U.S.C. §922(g)(1) and 924(a)(2); (Count II) possession with intent to distribute cocaine in violation of 21 U.S.C. §841(a)(1) and (b)(1)(C); (Count III) possession with intent to distribute oxycodone in violation of 21 U.S.C. §841(a)(1) and (b)(1)(C); and (Count IV) possession with intent to distribute marijuana in violation of 21 U.S.C. §841(a)(1) and (b)(1)(D). Indictment (Dkt. No. 1).

On May 9, 2011, Simon, who had at least three prior felony convictions on his record, pleaded guilty to all four counts of the indictment. No plea agreement was entered in this case. According to the evidence presented by the government (and admitted by Simon) at the change of plea hearing, Simon was arrested following a search of his residence in which detectives discovered 327 grams of cocaine, 2,244 grams of marijuana, 353 oxycodone pills, and a quantity of ecstasy and other pills. In addition to the drugs and various drug paraphernalia, detectives also found three types of ammunition and $29,100 in cash.

Prior to Simon's arrest on November 15, 2010, officers of the North Smithfield Police Department had secured Simon's residence to await the arrival of detectives with a warrant. Simon arrived at his residence and attempted to get by the officers and gain entry to his house. When the officers tried to stop Simon, he violently resisted, injuring at least two of the officers before Simon was subdued. Change of Plea Transcript (Dkt. No. 30).

Simon's sentencing hearing took place on August 22, 2011. Before sentencing Simon to 188 months' imprisonment, the Court conducted an evidentiary hearing to address the applicability of U.S.S.G. § 3A1.2(c)(1) for Simon's resistance to the arrest, in the course of which an officer sustained a broken hand. Sentencing Hearing Transcript (Dkt. No. 29). The Court concluded that the six-level enhancement applied in this case. Based on his criminal

history, Simon qualified as a Category VI career offender. Combined with a total offense level of 31, Simon's sentencing guideline range fell between 188 and 235 months of incarceration. Upon the government's recommendation, the Court sentenced Simon at the lowest end of the range.

Subsequently, Simon appealed from his sentence on the sole ground that the six-level sentencing enhancement was applied in error. However, Simon did not challenge this Court's finding that when Simon raised a fist toward the police officers during a violent struggle with officers trying to keep him from entering his residence, that act qualified as an "assault" under U.S.S.G. §3A1.2(c)(1). Accordingly, the First Circuit Court of Appeals affirmed Simon's sentence. Judgment (Dkt. No. 32).

On April 1, 2013, the United States Supreme Court denied Simon's petition for writ of certiorari, rendering his conviction final.

**II. Standard of Review**

Pursuant to Section 2255, "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court

which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Relief under Section 2255 is available only if the Court finds a lack of jurisdiction, constitutional error, or a fundamental error of law. See United States v. Addonizio, 442 U.S. 178, 184-84, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979) (holding that "an error of law does not provide a basis for a collateral attack unless the claimed error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'")(quoting Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962)). A fundamental error of law is a defect "'which inherently results in a complete miscarriage of justice' or 'an omission inconsistent with the rudimentary demands of fair procedure.'" Knight v. United States, 37 F.3d 769, 772 (1st Cir.1994) (quoting Hill v. United States, 368 U.S. at 428, 82 S.Ct. at 471)).

**III. Simon's § 2255 Motion**

Simon's § 2255 motion is based primarily on the 2013 Supreme Court decision in Alleyne v. United States, — U.S. — , 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). Specifically, Simon asserts that the six-level enhancement for assault was imposed in violation of his Sixth Amendment rights because the facts on which the enhancement application was based were found not by a jury, but by the Court under a preponderance of the evidence standard. As the reason why he did not raise this issue on direct appeal, Simon refers to

4

"[i]neffective assistance of counsel," without providing any further details and without addressing the issue in his supporting memorandum, (Dkt. No. 33, pages 15-19). In his reply to the government's response, Simon suggests that his court-appointed counsel should have filed a motion to suppress the evidence against him on the grounds that the officers were on Simon's property without a warrant and instigated a physical altercation with Simon, (Dkt. No. 35).

The government's objection to Simon's motion is based on the assertion that (1) Alleyne does not apply retroactively; and (2) Alleyne does not apply to sentencing guidelines enhancements.

**IV. Discussion**

In Alleyne, the United States Supreme Court held that any fact (other than a prior conviction) that increases a mandatory minimum sentence constitutes an "element" of the crime, not a "sentencing factor," which "must be submitted to the jury and found beyond a reasonable doubt" before an enhanced mandatory sentence may be imposed. Alleyne, 133 S.Ct. at 2155. The Supreme Court's decision in Alleyne applies to any case pending on direct appeal at the time Alleyne was decided." United States v. Pizarro, — F.3d —, 2014 WL 6090601 (1st Cir. Nov. 14, 2014); United States v. Delgado-Marrero, 744 F.3d 167 (1st Cir. 2014). However, there is nothing to indicate in the Alleyne opinion that this principle is to be applied retroactively. Simpson v. United States, 721 F.3d 875, 876 (7th

5

Cir. 2013)(noting that Alleyne is an extension of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and that the Supreme Court has decided that other rules based on Apprendi do not apply retroactively on collateral review)(citing Schriro v. Summerlin, 542 U.S. 348, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004)).

On its face, the new rule imposed by Alleyne, as the one imposed by Apprendi, is procedural, not substantive. To determine whether a new procedural rule applies retroactively on collateral review, the Supreme Court has established a three-part analysis, including (1) whether the defendant's conviction was final when the new rule was announced; (2) whether the rule is in fact "new;" and (3) whether that new rule is subject to one of two narrow exceptions allowing for retroactive application: (a) whether it places "certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe," or (b) whether it rises to the level of a watershed rule of criminal procedure. Teague v. Lane, 489 U.S. 288, 306, 109 S.Ct. 1060, 1073, 103 L.Ed.2d 334 (1989);

Simon's conviction became final on April 1, 2013, two months prior to the decision in Alleyne (June 17, 2013). Therefore, any rule established by Alleyne would benefit Simon only if the rule were to be applied retroactively. Because the Alleyne rule does not constitute a "watershed rule of criminal procedure," United States

6

v. Sanders, 247 F.3d 139, 151 (4th Cir. 2001), it does not apply retroactively. Other courts that have addressed the question of retroactive application of Alleyne have come to the same conclusion. See e.g., United States v. Hoon, 762 F.3d 1172, 1173 (10th Cir.2014); Jeanty v. Warden, FCI–Miami, 757 F.3d 1283, 1285 (11th Cir.2014); In re Mazzio, 756 F.3d 487, 490 (6th Cir.2014); United States v. Reyes, 755 F.3d 210, 212–13 (3d Cir.2014); United States v. Redd, 735 F.3d 88, 92 (2d Cir.2013); In re Kemper, 735 F.3d 211, 212 (5th Cir.2013).

Simon's motion also fails because Alleyne is not applicable in his particular case. As the Supreme Court pointed out, its ruling in Alleyne "does not mean that any fact that influences judicial discretion must be found by a jury." Alleyne, 133 S.Ct. at 2163. Rather, the Supreme Court has long recognized that "broad sentencing discretion, informed by judicial factfinding, does not violate the Sixth Amendment." Id. Therefore, "it remains within the sentencing court's discretion to judicially find facts informing the sentence actually imposed, provided that any such fact does not trigger a mandatory minimum punishment or alter a statutory maximum, and that the ultimate sentence remains within the range of penalties set forth in the statute of conviction." United States v. Doe, 741 F.3d 217, 234 (1st Cir. 2013). "In such a situation, Alleyne does not apply, and the sentencing court may continue to find facts based upon a preponderance of the evidence."

7

Id.

In the instant case, Simon was subject to a twenty-year maximum sentence; no mandatory minimum sentence applied to any of the offenses of which he was convicted. Application of the six-level increase under § 3A1.2(c)(1), while it increased Simon's sentencing guideline range significantly, did not result in the imposition of a mandatory minimum sentence, nor did it raise the imposed sentence above the statutory maximum. In these circumstances, Alleyne does not apply and Simon's motion must be denied.

Simon's suggestion that the imposition of the six-level sentencing enhancement was the result of the ineffective assistance of his counsel requires no lengthy discussion. Simon admitted at the change of plea hearing that he violently resisted the officers when they prevented him from entering his residence and that he injured at least two officers in the scuffle. Following the evidentiary hearing, which preceded imposition of the sentence, Simon's counsel forcefully argued that Simon only resisted the officers but that Simon's conduct did not qualify as an assault resulting in serious personal injury. Based on the uncontested evidence and the injured officer's testimony at the evidentiary hearing, the Court disagreed with Simon's characterization of the circumstances of his arrest and imposed the six-level enhancement. That determination was subsequently upheld by the First Circuit

Court of Appeals.

## V. Conclusion

For all of the foregoing reasons, Simon's motion to vacate, set aside, or correct his sentence is DENIED and DISMISSED.

### Ruling on Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings for the United States District Courts, this Court hereby finds that this case is not appropriate for the issuance of a certificate of appealability because Simon has failed to make "a substantial showing of the denial of a constitutional right" as to any claim, as required by 28 U.S.C. § 2253(c)(2).

Simon is advised that any motion to reconsider this ruling will not extend the time to file a notice of appeal in this matter. See Rules Governing § 2255 Cases, Rule 11(a).

SO ORDERED.

/s/ Mary M. Lisi

Mary M. Lisi
United States District Judge

December 2, 2014